IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GILLEAN BARROWS,                                07-CV-1135-BR

       Plaintiff,                               OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


DAVID B. LOWRY
9990 S.W. Greenburg Road, Ste. 235
Portland, Oregon  97068
(503) 245-6309

       Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITTANIA I. HOBBS
NEIL J. EVANS
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**DAVID R. JOHNSON**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2212

     Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Gillean Barrows seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefit (DIB).  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision.


## ADMINISTRATIVE HISTORY

     Plaintiff filed applications for DIB and SSI on May 29, 2003, with a disability onset date of January 1, 1994.  Plaintiff was last insured for DIB on December 31, 1995.  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 12, 2006.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, a medical expert (ME), and a vocational expert (VE) testified at the

2 - OPINION AND ORDER

hearing.

The Administrative Law Judge (ALJ) issued an opinion on December 8, 2006, in which he found Plaintiff was not entitled to either DIB or SSI.  On June 8, 2007, the Appeals Council denied review of the DIB portion of the ALJ's opinion and remanded Plaintiff's claim for SSI to the ALJ for further proceedings.  Accordingly, the ALJ's denial of DIB became the final decision of the Commissioner on June 8, 2007.  Plaintiff's application for SSI is still pending before the ALJ on remand.  On January 28, 2008, the parties stipulated only Plaintiff's DIB claim is before this Court.

## BACKGROUND

**I.   Plaintiff's Testimony.**

Plaintiff was 55 years old at the time of the hearing before the ALJ on June 12, 2006.  Tr. 173, 791.  Plaintiff has a college degree in communications and has all of the credits required to obtain a master's degree in multidisciplinary studies, but she has not finished her thesis.  Tr. 821-22.

Plaintiff testified at the hearing that she suffered from heart palpitations from 1992-95, which prevented her from looking for work.  Tr. 796.

Plaintiff also testified she stopped working in 1992 and was on unemployment insurance for about six months.  Plaintiff stated

she stopped working because she had been in an automobile
accident and was having panic attacks as well as back and
shoulder problems.  Tr. 800.  Plaintiff testified, however, that
her heart palpitations were not part of her reasons for not
working.  Tr. 799.

## II.  Medical Evidence.

During the period in question, Plaintiff suffered heart
palpitations for which she was first treated on June 25, 1994, at
Willamette Falls Hospital.  Tr. 306.  An electrocardiogram showed
ventricular bigeminy.  Tr. 308.  At the hospital, David Linquist,
M.D., diagnosed Plaintiff with frequent premature ventricular
complexes and prescribed Inderol.  Tr. 309.

Plaintiff also was treated by Adult/Gerontological Nurse
Practitioner (N.P.) Sue Fee from June 24, 1994, to January 4,
2004.  Tr. 427-85.  Throughout that time, Plaintiff continued to
report heart palpitations.  Tr. 471-77.  N.P. Fee determined the
palpitations were related to anxiety, and she prescribed Xanax on
December 6, 1994.  Tr. 474.  N.P. Fee noted Plaintiff's
"abnormalities are not a danger to her."  Tr. 474.

Plaintiff was treated by chiropractor Jeffrey D.
Hartwell, D.C., from June 29, 1994, to January 2, 1996.  Tr. 332-
42.  Dr. Hartwell's chart notes are almost illegible, but he
summarized them in a cover letter on September 24, 2003.
Tr. 332.  In his letter, Dr. Hartwell states he diagnosed

4 - OPINION AND ORDER

Plaintiff with fibromyalgia and prescribed vitamins to treat the symptoms on an unidentified date.  Tr. 332.  A chart note dated June 29, 1994, indicates Dr. Hartwell sold Fibroplex to Plaintiff.  Tr. 342.  Plaintiff testified Dr. Hartwell also gave her magnesium and calcium.  Tr. 798.

Lawrence Duckler, M.D., reviewed Plaintiff's medical records and testified as a ME at the hearing.  Dr. Duckler testified Plaintiff's only medically determinable impairment reflected in the record before December 31, 1995, is the heart palpitations caused by premature ventricular complexes.  Tr. 804.  He pointed out, however, that Dr. Linquist, who diagnosed Plaintiff with frequent premature ventricular complexes did not order any further testing after he treated Plaintiff.  Tr. 309, 804.  Dr. Duckler also noted there was nothing in the record to support a diagnosis of fibromyalgia aside from Dr. Hartwell's September 24, 2003, letter.  Tr.  805.

The parties agree Plaintiff was last insured for purposes of receiving DIB on December 31, 1995 ("date last insured").  Plaintiff, therefore, must prove she was disabled as of that date to be entitled to DIB.  *See* 42 U.S.C. § 423(a)(1)(A)("Every individual who . . . is insured for disability insurance benefits shall be entitled to a disability insurance benefit . . . .").  *See also* 20 C.F.R. § 404.131; *Thomas v. Barnhart*, 278 F.3d 847, 954-55 (9th Cir. 2002)(a DIB claimant must establish his period

of disability began while he was insured for DIB).  In addition, Plaintiff must prove her disability "has existed continuously since some time on or before the date that [her] insured status lapsed." *Flaten v. Sec'y. of Health & Human Servs.*, 44 F.3d 1453, 1458 (9th Cir. 1995).

### STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9ᵗʰ Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9ᵗʰ Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9ᵗʰ Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9ᵗʰ Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. § 404.1520(a). Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052

(9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commis-
sioner determines the claimant does not have any "medically
severe impairment or combination of impairments." *Stout*,
454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509,
404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal "one
of a number of listed impairments that the [Commissioner]
acknowledges are so severe as to preclude substantial gainful
activity." *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R.
§ 404.1520(a)(4)(iii).  The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, he must
determine the claimant's residual functional capacity (RFC),
which is an assessment of the sustained, work-related activities
that the claimant can still do on a regular and continuing basis
despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc.
Sec. Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work that she has done in the past.  *Stout*, 454 F.3d at 1052.
*See also* 20 C.F.R. § 404.1520(a)(4)(iv).

8 - OPINION AND ORDER

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Stout*, 454 F.3d at 1052. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 1994, her alleged onset date. Tr. 19.

At Step Two, the ALJ found Plaintiff's only medically determinable impairment as of December 31, 1995,[1] was heart palpitations. Tr. 19. Based on the testimony of the ME and the medical evidence in the record, the ALJ concluded Plaintiff's

---

[1] Although the ALJ states on page 19 of his opinion Plaintiff's date last insured is December 31, 2005, he states elsewhere in his opinion and the record itself reflects Plaintiff's date last insured is December 31, 1995. *See* Tr. 306, 309, 471-77, 793, 804.

heart palpitations were not a severe impairment before
December 31, 1995.  Accordingly, the ALJ found Plaintiff was
not disabled before her date last insured and, therefore, was not
eligible for DIB.  Tr. 19.  The remainder of the ALJ's opinion is
devoted to Plaintiff's SSI claim, which he also denied and, as
noted, is on remand to the ALJ.  Tr. 23.


## DISCUSSION

Plaintiff contends the ALJ erred by (1) failing to assess
at Step Two whether Plaintiff's alleged impairments constituted
severe impairments before December 31, 1995; (2) failing to
follow the required sequential evaluation procedure; and
(3) failing to assess Plaintiff's RFC.[2]

**I.   Assessment of the severity of Plaintiff's alleged
      impairments of fibromyalgia, anxiety, obesity, and headaches
      before her date last insured.**

Plaintiff contends the ALJ erred at Step Two by failing to
assess whether Plaintiff's alleged impairments of fibromyalgia,
anxiety, obesity, and headaches constituted severe impairments
before December 31, 1995.

Each step of the sequential evaluation procedure is
potentially dispositive.  *Bowen v. Yuckert*, 482 U.S. 137, 140
(1987).  *See also* 20 C.F.R. § 404.1520(a).  At Step Two, the

---

[2] Plaintiff originally contended the ALJ erred by failing to
address lay-witness statements, but Plaintiff withdrew that
argument in her Reply.

claimant is not disabled if the Commissioner determines the
claimant does not have any medically severe impairment or
combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also*
20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment
"significantly limits" a claimant's "physical or mental ability
to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also*
*Ukolov*, 420 F.3d at 1003.  The ability to do basic work
activities is defined as "the abilities and aptitudes necessary
to do most jobs."  20 C.F.R. §§ 404.1521(a),(b).  Such abilities
and aptitudes include walking, standing, sitting, lifting,
pushing, pulling, reaching, carrying, handling, seeing, hearing,
speaking; understanding, carrying out, and remembering simple
instructions; using judgment; responding appropriately to
supervision, co-workers, and usual work situations; and dealing
with changes in a routine work setting.  *Id.*

    The Step Two threshold is low.  "[A]n impairment can be
considered as not severe only if it is a slight abnormality which
has such a minimal effect on the individual that it would not be
expected to interfere with the individual's ability to
work . . . .  [T]he severity regulation is to do no more than
allow the Secretary to deny benefits summarily to those
applicants with impairments of a minimal nature which could never
prevent a person from working."  Soc. Sec. Ruling (SSR) 85-28,

at *2 (Nov. 30, 1984)(internal quotations omitted).  The Ninth
Circuit has described Step Two as a "*de minimus* screening device
to dispose of groundless claims."  *Smolen*, 80 F.3d at 1290.  *See
also Webb v. Barnhart*, 433 F.3d 683, 686-88 (9th Cir. 2005).
"Great care should be exercised in applying the not severe
impairment concept."  SSR 85-28 at *4.

The ALJ determined at Step Two that Plaintiff's only
medically determinable impairment as of her date last insured was
heart palpitations.  Tr. 21.  The ALJ did not address Plaintiff's
alleged impairments of fibromyalgia, anxiety, obesity, or
headaches.  Tr. 21.  The only mention of fibromyalgia in the
record before Plaintiff's date last insured is by Dr. Hartwell,
a chiropractor, and the only mention of anxiety, obesity, or
headaches in the record before Plaintiff's date last insured is
by N.P. Fee.

Medical sources are divided into two categories:
"acceptable" and "not acceptable."  20 C.F.R. § 416.902.
Acceptable medical sources include licensed physicians and
psychologists.  20 C.F.R. § 416.902.  Medical sources classified
as "not acceptable" include, but are not limited to, nurse
practitioners, therapists, licensed clinical social workers, and

chiropractors.  SSR 06-03p, at *2.  Only acceptable medical

sources can establish medically determinable impairments.

SSR 06-03p provides:

> Information from [non-acceptable medical
> sources] cannot establish the existence of a
> medically determinable impairment.  Instead,
> there must be evidence from an "acceptable
> medical source" for this purpose.  However,
> information from such "other sources" may be
> based on special knowledge of the individual
> and may provide insight into the severity of
> the impairment(s) and how it affects the
> individual's ability to function.

*See also* 20 C.F.R. § 404.1513(a)(Commissioner needs "evidence

from acceptable medical sources to establish whether [a claimant

has] a medically determinable impairment.").  Thus, the ALJ was

not required to address Plaintiff's alleged impairments of

fibromyalgia, anxiety, obesity, and headaches because they were

not "medically determinable impairments" established by

"acceptable medical sources" before Plaintiff's date last

insured.

On this record, therefore, the Court concludes the ALJ did

not err when he did not address Plaintiff's alleged impairments

of fibromyalgia, anxiety, obesity, or headaches at Step Two.

**II.  Sequential Evaluation Procedure.**

Plaintiff asserts it is unclear whether the ALJ properly

completed his analysis regarding DIB at Step Two, and, therefore,

Plaintiff contends the ALJ erred by failing to complete the sequential evaluation procedure as required.

In his opinion, the ALJ accepted the ME's conclusion that Plaintiff's only medically determinable impairment before her date last insured was heart palpitations, and the ALJ found the record does not include any evidence that establishes Plaintiff's heart palpitations were severe.

On this record, therefore, the Court concludes the ALJ properly complied with the requirements of the sequential evaluation procedure when he found at Step Two that Plaintiff's heart palpitations, her only medically determinable impairment, were not severe before December 31, 1995, and, as a result, found Plaintiff was not disabled before her date last insured.

**III. Plaintiff's RFC.**

Plaintiff contends the ALJ erred by failing to assess Plaintiff's RFC.

It is only necessary to assess a claimant's RFC if the ALJ proceeds beyond Step Three.  20 C.F.R. § 404.1520(e).  *See also* SSR 96-8p.  Here the ALJ ended his analysis at Step Two when he concluded Plaintiff did not have a severe impairment as of her date last insured.

14 - OPINION AND ORDER

Accordingly, the Court concludes the ALJ did not err when he did not assess Plaintiff's RFC under these circumstances.

## **<u>CONCLUSION</u>**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

DATED this 17th day of October, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER